1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ANTOINE F. RAPHAEL
   Assistant United States Attorney
3  Chief, Riverside Branch Office
   AMI SHETH
4  Assistant United States Attorney
   California Bar Number 268415
5       3403 Tenth Street, Suite 200
        Riverside, California 92501
6       Telephone:  (951) 276-6228
        Facsimile:  (951) 276-6237
7       E-mail: Ami.Sheth@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
9

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,      ) ED CR No. 11-57-VAP
                                   )
13                Plaintiff,       ) PLEA AGREEMENT FOR DEFENDANT
                                   ) KIMBERLY ALBERTI
14          v.                     )
                                   )
15  KIMBERLY ALBERTI,              )
                                   )
16                Defendant.       )
                                   )
17  _____  )
                                   )
18

19      1.  This constitutes the plea agreement between KIMBERLY

20  ALBERTI ("defendant") and the United States Attorney's Office for

21  the Central District of California ("the USAO") in the

22  above-captioned case.  This agreement is limited to the USAO and

23  cannot bind any other federal, state, local, or foreign

24  prosecuting, enforcement, administrative, or regulatory

25  authorities.

26                   DEFENDANT'S OBLIGATIONS

27      2.  Defendant agrees to:

28          a) At the earliest opportunity requested by the USAO

and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Paul Edward Bell, et al.</u>, ED CR No. 12-57-VAP, which charges defendant with conspiracy to engage in sex trafficking, in violation of 18 U.S.C. § 1594(c).

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h) Agree to and not oppose the imposition of the following conditions of probation or supervised release:

<u>Computer-Related Terms</u>

i) The defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), which have been disclosed to the Probation Officer upon

2

1  commencement of supervision.  Any changes or additions are to be
2  disclosed to the Probation Officer prior to the first use.
3  Computers and computer-related devices are personal computers,
4  personal data assistants (PDAs), internet appliances, electronic
5  games, cellular telephones, and digital storage media, as well as
6  their peripheral equipment, that can access, or can be modified
7  to access, the internet, electronic bulletin boards, and other
8  computers;

9          ii) All computers, computer-related devices, and
10 their peripheral equipment, used by the defendant, shall be
11 subject to search and seizure.  This shall not apply to items
12 used at the employment site or school, which are maintained and
13 monitored by the employer or school;

14         iii) The defendant shall comply with the rules and
15 regulations of the Computer Monitoring Program.  The defendant
16 shall pay the cost of the Computer Monitoring Program, in an
17 amount not to exceed $32 per month per device connected to the
18 internet unless the Probation Office finds that defendant does
19 not have the ability to pay;

20         iv) The defendant shall submit her person, and any
21 property, house, residence, vehicle, papers, computer, other
22 electronic communication or data storage devices or media, and
23 her effects to search at any time, with or without a warrant, by
24 any law enforcement or Probation Officer with reasonable
25 suspicion concerning a violation of a condition of supervised
26 release or unlawful conduct by the defendant, and by any
27 Probation Officer in the lawful discharge of the officer's
28 supervision functions;

3

## Sex Offender Registration Terms

v) The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer.  The defendant shall provide proof of registration to the Probation Officer within two weeks of release from imprisonment/placement on probation;

vi) Immediately following sentencing, the defendant shall report directly to the Probation Office for instructions regarding the registration requirements created by the Adam Walsh Child Protection and Safety Act of 2006.

## Mental Health Treatment Terms

vii) The defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, as approved and directed by the Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of such program.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider;

viii) As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672, unless the Probation Office finds that defendant does not have the ability to pay.  The defendant shall provide payment and proof of payment, as directed by the Probation Officer;

//

Victim Protection Terms

ix) The defendant shall not contact the victims of the offenses charged in the indictment by any means, including, but not limited to, in person, by mail, by telephone, by other electronic means (i.e. e-mail, social networking sites, etc.), or via third parties.

x) The defendant shall remain at least 100 yards from the victims at all times.  If any contact occurs, the defendant shall immediately leave the area of contact, and report the contact to the Probation Officer.

i) Defendant understands and agrees that pursuant to Title 18, United States Code, Section 3663A, defendant will be required to make full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. Defendant agrees not to seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

//

1

THE USAO'S OBLIGATIONS

2     3.   The USAO agrees to:

3          a) Not contest facts agreed to in this agreement.

4          b) Abide by all agreements regarding sentencing

5     contained in this agreement.

6          c) At the time of sentencing, provided that defendant

7     demonstrates an acceptance of responsibility for the offense up

8     to and including the time of sentencing, recommend a two-level

9     reduction in the applicable Sentencing Guidelines offense level,

10    pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,

11    move for an additional one-level reduction if available under

12    that section.

NATURE OF THE OFFENSE

14    4.   Defendant understands that for defendant to be guilty of

15    the crime charged in count one of the indictment, that is,

16    conspiracy to engage in sex trafficking, in violation of Title

17    18, United States Code, Section 1594(c), the following must be

18    true: (1) Defendant conspired with one or more persons to

19    knowingly recruit, entice, harbor, transport, provide, obtain or

20    maintain a person OR benefit, financially or by receiving

21    anything of value, from participation in a venture which has

22    engaged in an act described below, (2) Defendant knowing, or in

23    reckless disregard of the fact that force, threats of force,

24    fraud, coercion or any combination of such means would be used to

25    cause the person to engage in commercial sex acts, OR that the

26    person had not yet attained the age of 18 years and would be

27    caused to engage in commercial sex acts and the defendant had a

28    reasonable opportunity to observe the person or known the

6

1    person's age and (3) the recruiting, enticing, harboring,

2    transporting, providing, obtaining or maintaining was done in or

3    affecting interstate or foreign commerce.

4                          PENALTIES AND RESTITUTION

5        5.   Defendant understands that the statutory maximum

6    sentence that the Court can impose for a violation of Title 18,

7    United States Code, Section 1594(c), is: life imprisonment; a

8    lifetime period of supervised release; a fine of $250,000 or

9    twice the gross gain or gross loss resulting from the offense,

10   whichever is greatest; and a mandatory special assessment of

11   $100.

12       6.   Defendant understands that defendant will be required to

13   pay full restitution to the victims of the offense to which

14   defendant is pleading guilty.  Defendant agrees that, in return

15   for the USAO's compliance with its obligations under this

16   agreement, the Court may order restitution to persons other than

17   the victims of the offense to which defendant is pleading guilty.

18   In particular, defendant agrees that the Court may order

19   restitution to any victim for any losses suffered by that victim

20   as a result of any relevant conduct, as defined in U.S.S.G.

21   § 1B1.3, in connection with the offense to which defendant is

22   pleading guilty.

23       7.   Defendant understands that supervised release is a

24   period of time following imprisonment during which defendant will

25   be subject to various restrictions and requirements.  Defendant

26   understands that if defendant violates one or more of the

27   conditions of any supervised release imposed, defendant may be

28   returned to prison for all or part of the term of supervised

                                  7

1   release authorized by statute for the offense that resulted in
2   the term of supervised release.

3        8.   Defendant understands that, by pleading guilty,
4   defendant may be giving up valuable government benefits and
5   valuable civic rights, such as the right to vote, the right to
6   possess a firearm, the right to hold office, and the right to
7   serve on a jury.  Defendant understands that once the court
8   accepts defendant's guilty plea, it will be a federal felony for
9   defendant to possess a firearm or ammunition.  Defendant
10  understands that the conviction in this case may also subject
11  defendant to various other collateral consequences, including but
12  not limited to revocation of probation, parole, or supervised
13  release in another case and suspension or revocation of a
14  professional license.  Defendant understands that unanticipated
15  collateral consequences will not serve as grounds to withdraw
16  defendant's guilty plea.

17       9.   Defendant understands that, if defendant is not a
18  United States citizen, the felony conviction in this case may
19  subject defendant to: removal, also known as deportation, which
20  may, under some circumstances, be mandatory; denial of
21  citizenship; and denial of admission to the United States in the
22  future.  The court cannot, and defendant's attorney also may not
23  be able to, advise defendant fully regarding the immigration
24  consequences of the felony conviction in this case.  Defendant
25  understands that unexpected immigration consequences will not
26  serve as grounds to withdraw defendant's guilty plea.
27  //
28  //

8

FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between at least approximately January 2011, to April 2011, defendant conspired with co-conspirators, and others, to knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means, and benefit financially from a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained, individuals, including Victim 1 (then 17), Victim 2 (then 17), Victim 3 (then 16), Victim 5 (then 15), and Victim 6 (then 19), among others, knowing that force, threats of force, fraud and coercion would be used to cause victims to engage in commercial sex acts and also knowing that Victims 1, 2, 3, and 5 had not yet attained the age of 18 years and that they would be caused to engage in commercial sex acts. Defendant's actions were in or affecting interstate commerce. Defendant was a minor herself until after March 19, 2011, but continued participating in the conspiracy after she turned 18.

Specifically, defendant acted as a co-conspirator's "bottom," meaning his most-trusted prostitute who was, at times,

1 responsible for recruiting, instructing, and taking care of the
2 co-conspirator's other prostitutes.  Defendant used the phone and
3 internet to recruit the victims.

4 Specifically, within Riverside and San Bernardino Counties,
5 in January 2011, defendant recruited Victim 1, Victim 2, and
6 Victim 3 to prostitute for her co-conspirators.  Defendant
7 recruited and enticed the victims by telling them they could make
8 money if they were prostitutes for the conspiracy.  At the time,
9 defendant knew that the victims would be caused to engage in
10 commercial sex acts and that they were under the age of 18.
11 Victim 1 and Victim 2 did not become prostitutes for the
12 conspiracy.  On or about January 18, 2011, defendant and a co-
13 conspirator picked up Victim 3 from her school in Riverside
14 County and drove her to the area of Compton, California.  During
15 the drive, defendant and the co-conspirator taught Victim 3 about
16 the rules to follow when prostituting for the co-conspirator.
17 For example, defendant and the co-conspirator told Victim 3 how
18 much to charge for specific sex acts, where to prostitute, and
19 how to avoid law enforcement.  Defendant taught Victim 3 how to
20 prostitute by showing her how to solicit "dates," or male
21 customers for prostitution.

22 Also, in February 2011, defendant recruited Victim 5 to
23 prostitute for a co-conspirator, and at the time, defendant knew
24 that Victim 5 was under the age of 18 and would be caused to
25 engage in commercial sex acts.  Defendant recruited Victim 5 by
26 telling her she could make money if she worked as a prostitute
27 for the conspiracy.  On or about February 9, 2011, defendant and
28 the co-conspirator picked up Victim 5 from her school in

1  Riverside County and drove her to the area of Compton,

2  California.  In the manner described above, defendant and the co-

3  conspirator taught Victim 5 the rules to follow when prostituting

4  and defendant taught Victim 5 how to solicit dates for

5  prostitution.  Defendant used a computer to recruit the victim.

6      In March, 2011, defendant recruited Victim 6 to prostitute

7  for the conspiracy.  Defendant used a computer to recruit Victim

8  6.  Defendant, along with co-conspirators picked up Victim 6 from

9  her home in Los Angeles County and drove her to the area of

10  Compton, California.  At the time, defendant knew that the Victim

11  6 would be caused to engage in commercial sex acts.  Victim 6

12  became a prostitute for co-conspirators.

13      Defendant would help co-conspirators recruit, teach, and

14  take care of his prostitutes, including Victim 3, Victim 4, and

15  Victim 5.  Defendant and a co-conspirator would instruct the

16  female prostitutes to stand and walk around in areas known for

17  prostitution, including Long Beach Boulevard, to solicit "dates,"

18  or male customers for prostitution.  Defendant would use her

19  cellular telephone to keep in touch with and instruct the female

20  prostitutes.  Also, when defendant was incarcerated, she

21  instructed a co-conspirator's prostitutes, including Victim 4, to

22  keep working as prostitutes while she (defendant) was away.

23                        SENTENCING FACTORS

24      11.  Defendant understands that in determining defendant's

25  sentence the Court is required to calculate the applicable

26  Sentencing Guidelines range and to consider that range, possible

27  departures under the Sentencing Guidelines, and the other

28  sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant

understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 30 | [U.S.S.G. § 2G1.3(a)(2)] |
|---|---|---|
| Specific Offense Characteristics | | |
| Commission of Sex Act: | +2 | [U.S.S.G. § 2G1.3(b)(4)] |
| Total Offense Level: | 32 | |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Specifically, the USAO reserves the right to argue for the following offense characteristics and adjustments: a two-level enhancement for unduly influencing a minor pursuant to U.S.S.G. § 2G1.3(b)(2) and a two-level enhancement for a vulnerable victim pursuant to U.S.S.G. § 3A1.1(b)(1).  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

1      14.   Defendant and the USAO reserve the right to argue for a

2   sentence outside the sentencing range established by the

3   Sentencing Guidelines based on the factors set forth in 18 U.S.C.

4   § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

5                 <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

6      15.   Defendant understands that by pleading guilty,

7   defendant gives up the following rights:

8              a) The right to persist in a plea of not guilty.

9              b) The right to a speedy and public trial by jury.

10             c) The right to be represented by counsel – and if

11  necessary have the court appoint counsel - at trial.  Defendant

12  understands, however, that, defendant retains the right to be

13  represented by counsel – and if necessary have the court appoint

14  counsel – at every other stage of the proceeding.

15             d) The right to be presumed innocent and to have the

16  burden of proof placed on the government to prove defendant

17  guilty beyond a reasonable doubt.

18             e) The right to confront and cross-examine witnesses

19  against defendant.

20             f) The right to testify and to present evidence in

21  opposition to the charges, including the right to compel the

22  attendance of witnesses to testify.

23             g) The right not to be compelled to testify, and, if

24  defendant chose not to testify or present evidence, to have that

25  choice not be used against defendant.

26             h) Any and all rights to pursue any affirmative

27  defenses, Fourth Amendment or Fifth Amendment claims, and other

28  pretrial motions that have been filed or could be filed.

13

WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction of no more than 168 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than

1  87 months, the USAO gives up its right to appeal any portion of

2  the sentence.

3  <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

4      19.  Defendant agrees that if, after entering a guilty plea

5  pursuant to this agreement, defendant seeks to withdraw and

6  succeeds in withdrawing defendant's guilty plea on any basis

7  other than a claim and finding that entry into this plea

8  agreement was involuntary, then (a) the USAO will be relieved of

9  all of its obligations under this agreement; and (b) should the

10  USAO choose to pursue any charge that was either dismissed or not

11  filed as a result of this agreement, then (i) any applicable

12  statute of limitations will be tolled between the date of

13  defendant's signing of this agreement and the filing commencing

14  any such action; and (ii) defendant waives and gives up all

15  defenses based on the statute of limitations, any claim of pre-

16  indictment delay, or any speedy trial claim with respect to any

17  such action, except to the extent that such defenses existed as

18  of the date of defendant's signing this agreement.

19  <u>EFFECTIVE DATE OF AGREEMENT</u>

20      20.  This agreement is effective upon signature and

21  execution of all required certifications by defendant,

22  defendant's counsel, and an Assistant United States Attorney.

23  <u>BREACH OF AGREEMENT</u>

24      21.  Defendant agrees that if defendant, at any time after

25  the signature of this agreement and execution of all required

26  certifications by defendant, defendant's counsel, and an

27  Assistant United States Attorney, knowingly violates or fails to

28  perform any of defendant's obligations under this agreement ("a

breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives

1  up any claim under the United States Constitution, any statute,
2  Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the
3  Federal Rules of Criminal Procedure, or any other federal rule,
4  that the statements or any evidence derived from the statements
5  should be suppressed or are inadmissible.

COURT AND PROBATION OFFICE NOT PARTIES

7      23.   Defendant understands that the Court and the United
8  States Probation Office are not parties to this agreement and
9  need not accept any of the USAO's sentencing recommendations or
10 the parties' agreements to facts or sentencing factors.

11     24.   Defendant understands that both defendant and the USAO
12 are free to: (a) supplement the facts by supplying relevant
13 information to the United States Probation Office and the Court,
14 (b) correct any and all factual misstatements relating to the
15 Court's Sentencing Guidelines calculations and determination of
16 sentence, and (c) argue on appeal and collateral review that the
17 Court's Sentencing Guidelines calculations and the sentence it
18 chooses to impose are not error, although each party agrees to
19 maintain its view that the calculations in paragraph 12 are
20 consistent with the facts of this case.  While this paragraph
21 permits both the USAO and defendant to submit full and complete
22 factual information to the United States Probation Office and the
23 Court, even if that factual information may be viewed as
24 inconsistent with the facts agreed to in this agreement, this
25 paragraph does not affect defendant's and the USAO's obligations
26 not to contest the facts agreed to in this agreement.

27     25.   Defendant understands that even if the Court ignores
28 any sentencing recommendation, finds facts or reaches conclusions

17

different from those agreed to, and/or imposes any sentence up to
the maximum established by statute, defendant cannot, for that
reason, withdraw defendant's guilty plea, and defendant will
remain bound to fulfill all defendant's obligations under this
agreement.  Defendant understands that no one -- not the
prosecutor, defendant's attorney, or the Court -- can make a
binding prediction or promise regarding the sentence defendant
will receive, except that it will be within the statutory
maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

26.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the
USAO and defendant or defendant's attorney, and that no
additional promise, understanding, or agreement may be entered
into unless in a writing signed by all parties or on the record
in court.

//
//
//
//
//
//
//
//
//
//
//
//

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        27.   The parties agree that this agreement will be

3    considered part of the record of defendant's guilty plea hearing

4    as if the entire agreement had been read into the record of the

5    proceeding.

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA

8    ANDRÉ BIROTTE JR.
9    United States Attorney

10   _____               _____
11   AMI SHETH                                 Date  1/25/13
     Assistant United States Attorney

12
13   _____               _____
     KIMBERLY ALBERTI                          Date  1/25/13
14   Defendant

15   _____               _____
16   DAVID REED                                Date  1/25/13
     Attorney for Defendant
17   Kimberly Alberti

18

19

20

21

22

23

24

25

26

27

28

                              19

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          1/25/13
KIMBERLY ALBERTI                          Date
Defendant

20

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Kimberly Alberti's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          1/25/13
DAVID REED                                Date
Attorney for Defendant
Kimberly Alberti