FILED

2013 NOV 20  PM 2:41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2013 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>PAUL EDWARD BELL,<br>　aka "J-Roc,"<br>　aka "Jay-Roc,"<br>　aka "Best Choice,"<br>　aka "Jay the Truth,"<br>　aka "Rich Rollin,"<br>　aka "Jay Rich,"<br>SAMUEL ROGERS,<br>　aka "Bone," and<br>GARY ROGERS,<br>　aka "G-Man,"<br>　aka "Hitter-Six,"<br>　aka "Hitter Cix,"<br><br>　　　　Defendants. | No. ED CR 12-57(A)-VAP<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[18 U.S.C. § 1594(c): Conspiracy to Engage in Sex Trafficking; 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), (b)(2): Sex Trafficking; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1594]

Beginning on a date unknown and continuing to in or about May 2012, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendants PAUL

1   EDWARD BELL, also known as ("aka") "J-Roc," aka "Jay-Roc," aka
2   "Best Choice," aka "Jay the Truth," aka "Rich Rollin," and aka
3   "Jay Rich," SAMUEL ROGERS, aka "Bone," and GARY ROGERS, aka "G-
4   Man," aka "Hitter-Six," aka "Hitter Cix," Christopher Weldon,
5   aka "Chris Roc," aka "Bro Bro," aka "C-Roc," aka "Christopher
6   Marcus," Javiya Brooks, aka "Shady Blue," aka "Shady," aka
7   "Shady Baby," aka "Lady Shady," Kimberly Alberti, aka "Pucca,"
8   aka "Pooka," and Kristy Harrell, and others known and unknown to
9   the Grand Jury, conspired and agreed with each other to
10  knowingly, in and affecting interstate and foreign commerce,
11  recruit, entice, harbor, transport, provide, obtain, and
12  maintain by any means, and benefit, financially and by receiving
13  anything of value, from participation in a venture which
14  recruited, enticed, harbored, transported, provided, obtained,
15  and maintained the following individuals, as well as others,
16  Victim 1, Victim 2, Victim 3, Victim 4, Victim 5, Victim 6, and
17  Victim 7 (collectively, "the Victims"), knowing and in reckless
18  disregard of the fact that force, threats of force, fraud, and
19  coercion, as defined in Title 18, United States Code, Section
20  1591(e)(2), and any combination of such means, would be used to
21  cause the Victims to engage in commercial sex acts, and that
22  Victim 1, Victim 2, Victim 3, Victim 4, Victim 5, and Victim 7
23  had not attained the age of 18 years and would be caused to
24  engage in commercial sex acts, all in violation of Title 18,
25  United States Code, Sections 1591(a)(1), (a)(2), (b)(1) and
26  (b)(2).
27
28

COUNT TWO

[18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), (b)(2)]

Between in or about January 2011, and in or about August 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant PAUL EDWARD BELL, also known as ("aka") "J-Roc," aka "Jay-Roc," aka "Best Choice," aka "Jay the Truth," aka "Rich Rollin," aka "Jay Rich," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 3, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 3 to engage in a commercial sex act, and that Victim 3 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT THREE

[18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), (b)(2)]

Between in or about February 2011, and in or about July 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant PAUL EDWARD BELL, also known as ("aka") "J-Roc," aka "Jay-Roc," aka "Best Choice," aka "Jay the Truth," aka "Rich Rollin," aka "Jay Rich," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 4, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 4 to engage in a commercial sex act, and that Victim 4 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

4

COUNT FOUR

[18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), (b)(2)]

Between in or about January 2011, and in or about February 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant PAUL EDWARD BELL, also known as ("aka") "J-Roc," aka "Jay-Roc," aka "Best Choice," aka "Jay the Truth," aka "Rich Rollin," aka "Jay Rich," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 5, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 5 to engage in a commercial sex act, and that Victim 5 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT FIVE

[18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), (b)(2)]

Between in or about May 2011, and in or about August 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant PAUL EDWARD BELL, also known as ("aka") "J-Roc," aka "Jay-Roc," aka "Best Choice," aka "Jay the Truth," aka "Rich Rollin," aka "Jay Rich," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 7, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 7 to engage in a commercial sex act, and that Victim 7 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

## COUNT SIX

### [18 U.S.C. § 922(g)(1)]

On or about May 4, 2011, in Los Angeles County, within the Central District of California, defendant PAUL EDWARD BELL, also known as ("aka") "J-Roc," aka "Jay-Roc," aka "Best Choice," aka "Jay the Truth," aka "Rich Rollin," aka "Jay Rich" ("BELL"), knowingly possessed a firearm, namely, an Intratec model Tec-DC9 machine pistol, with the serial number removed, in and affecting interstate and foreign commerce.  Such possession occurred after defendant BELL had been convicted of at least one of the following felonies, each punishable by a term of imprisonment exceeding one year:

1.   False Personation of Another, in violation of California Penal Code Section 529, in the Superior Court of the State of California, County of Los Angeles, case number KA07041401, on or about May 7, 2005;

2.   Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a), in the Superior Court of the State of California, County of Riverside, case number RIF134327, on or about May 23, 2007;

3.   Inflict Corporal Injury on a Spouse or Co-habitant, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of Los Angeles, case number TA09474601, on or about April 7, 2008.

1

2

3

4

5

6

7

8

9

COUNT SEVEN

[18 U.S.C. §§ 1591(a)(1), (b)(2)]

In or about January 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SAMUEL ROGERS, also known as "Bone," knowingly, in and affecting interstate and foreign commerce, recruited and enticed Victim 1, knowing and in reckless disregard of the fact that Victim 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

8

COUNT EIGHT

[18 U.S.C. §§ 1591(a)(1), (b)(2)]

In or about January 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SAMUEL ROGERS, also known as "Bone," knowingly, in and affecting interstate and foreign commerce, recruited and enticed Victim 2, knowing and in reckless disregard of the fact that Victim 2 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT NINE

[18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), (b)(2)]

Between in or about January 2011, and in or about August 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SAMUEL ROGERS, also known as "Bone," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 3, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 3 to engage in a commercial sex act, and that Victim 3 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT TEN

[18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), (b)(2)]

Between in or about February 2011, and in or about July 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SAMUEL ROGERS, also known as "Bone," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 4, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 4 to engage in a commercial sex act, and that Victim 4 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT ELEVEN

[18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), (b)(2)]

Between in or about January 2011, and in or about February 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SAMUEL ROGERS, also known as "Bone," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 5, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 5 to engage in a commercial sex act, and that Victim 5 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT TWELVE

[18 U.S.C. §§ 1591(a)(1), (b)(1)]

Between in or about February 2011, and in or about March 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant SAMUEL ROGERS, also known as "Bone," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means Victim 6, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 6 to engage in a commercial sex act.

COUNT THIRTEEN

[18 U.S.C. §§ 1591(a)(1), (b)(1)]

Between in or about February 2011, and in or about March 2011, in Riverside and Los Angeles Counties, within the Central District of California, and elsewhere, defendant GARY ROGERS, also known as ("aka") "G-Man," aka "Hitter-Six," aka "Hitter Cix," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means Victim 6, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 6 to engage in a commercial sex act.


A TRUE BILL


_____
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney



ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

ANTOINE F. RAPHAEL
Assistant United States Attorney
Chief, Riverside Branch Office

AMI SHETH
Assistant United States Attorney
Riverside Branch Office

14