David J. Thomas, (SBN: 175180)
HANNA, BROPHY, MacLEAN, McALEER & JENSEN, LLP
1500 Iowa Avenue, Suite 220
Riverside, CA  92507
Telephone: (951) 824-2984
Facsimile : (951) 779-9494
E-mail: dthomas@hannabrophy.com

Attorney for Defendant
GARY ROGERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>vs.<br><br>GARY ROGERS<br><br>                        Defendant. | ED CR 12-00057-VAP-3<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Sentencing Hearing:<br>Date: 4/11/14<br>Time: 9:00 a.m. |

Defendant, GARY ROGERS, by and through his counsel, David J. Thomas, Hanna, Brophy, MacLean, McAleer & Jensen, LLP, submits this memorandum in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) in light of United States v. Booker, 125 S. Ct. 738 (2005).

## I. INTRODUCTION

Defendant objects to the advisory United States Sentencing Guideline (U.S.S.G.) range calculations offered by both the United States Attorney's Office (USAO) and the United States Probation Office (USPO), and contends that the proper advisory sentencing guideline range is 168-210 months jail – based on an offense level of 33 and a criminal history category of III, for the reasons contained below.

Pursuant to the 18 U.S.C. § 3553(a) factors – especially the Defendant's personal and family circumstances and the need to avoid sentencing disparity –

Defendant contends that a sentence of 120 months jail accomplishes a sufficient, but not greater than necessary, sentence.

## II.  PRESENTENCE REPORT

### A.  FACTUAL OBJECTIONS

Defendant has the following factual objections to the presentence report (PSR):

- **Paragraphs 17-21**.  These "background" statements were likely taken from the indictment or investigation reports, and are not representative of the conduct of Gary Rogers.  Specifically, Paul Bell, Sam Rogers and Gary Rogers did not all work together as associates.  Gary Rogers was only involved in a conspiracy with his fiancée, Kristy Harrell, which only dealt with one victim – Victim 6 – who was an adult, not a minor.

- **Paragraph 28**.  The footnote in this paragraph refers to the Government's unproven allegation that Victim 6 had the "mental capacity of a 12-year-old." Consistent with Paragraph 39 in the PSR, this issue is devoid of details and proof and should not be included in the PSR.

- **Paragraph 33**.  As mentioned above, and as reflected in the factual basis of Mr. Rogers' plea agreement, Gary Rogers was only in a conspiracy with Kristy Harrell, and it only related to Victim 6.  The USPO acknowledges this in paragraph 34; however, they still include Sam Rogers' and Kimberly Alberti's conduct with respect to Victim 6 in Paragraph 33.  Other than having consensual sex with Victim 6 on the night in question, Defendant is unaware of any other involvement between Sam Rogers and Victim 6.  Similarly, other than introducing Victim 6 to Kristy Harrell, Defendant is unaware of any other involvement between Kimberly Alberti and Victim 6.  As such, paragraph 33 is unnecessary and potentially prejudicial, as it may lead the Court to punish Mr. Rogers for conduct that was not within the scope of jointly undertaken criminal activities by Gary Rogers.

- **Paragraph 53**.  See B, below.

DEFENDANT'S SENTENCING MEMORANDUM

- **Paragraph 66**.  See B, below.

B.    U.S.S.G. CALCULATIONS

Defendant agrees with the USPO's calculation of the defendant's total offense level of 33; however defendant disagrees with the criminal history category of IV. Instead, defendant contends that the total criminal history score is only six, rather than seven, which yields a criminal history category of III, rather than IV.  As noted very astutely by the USPO, the conduct that forms the basis of defendant's conviction in paragraph 60 – i.e., purchase of person for prostitution on 3/24/11 -- was part of the instant offense with Victim 6, and thus does not score under § 4A1.2(a)(1).  However this same rationale also applies to paragraph 53, and acts to make this only a 2-point conviction, and not a 3-point conviction.  Defendant's original sentence on 2/28/07, for the conviction in paragraph 53, was 180 days jail, which is only a 2-point conviction under § 4A1.1(b).  This conviction didn't become a 3-point conviction per § 4A1.1(a) until 10/6/11, when the defendant's commission of the instant offense violated his underlying probation and increased his custodial sentence to 3 years.  However, since that 1-point increase happened <u>after</u> the instant offense, this conviction should only score 2 points, and not the 3 points given by the USPO.  If this conviction is only given 2-points, as we contend, defendant's total criminal history points are only 6, which yields a criminal history category of III.

Defendant also agrees with the USPO that there should be no vulnerable victim adjustment under § 3A1.1(b)(1) for Victim 6, as she was an adult – not a minor, and the allegation that she had some sort of diminished mental capacity that made her "vulnerable" is unsubstantiated and unproven.  PSR ¶¶ 38-39.

Finally, Defendant agrees with the USPO that a downward departure is warranted, per § 5K2.23, since Mr. Rogers already served a 16-month jail sentence at the State-level for the same conduct as the instant offense.  PSR ¶ 133.

//

//

### III.  APPROPRIATE SENTENCE:

**A.    Applicable Law**

In determining the appropriate sentence for Mr. Rogers, the Court must consider all of statutory sentencing factors set forth at 18 U.S.C. § 3553(a), including, among other factors, the nature and circumstances of the offense; the history and characteristics of the offender; the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence; the need to provide the defendant with needed education, vocational training, medical care or other correctional treatment; the applicable sentencing range under the advisory sentencing guidelines; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a); United Slates v. Booker, 543 U.S. 220 (2005). The district court may not employ a presumption that the advisory guideline range is the reasonable or appropriate sentence. United States v. Gall, 128 S.Ct. 586,596-97 (2007); see also United States v. Rita, 127 S.Ct. 2456, 2465 (2007), and "extraordinary circumstances are not needed to justify a sentence outside the guidelines range." United Slales v. Ruff, 535 F.3d 999, 1002 (9th Cir. 2008).  Instead, the guidelines are but one of many factors for the Court to consider when imposing sentence, and § 3553(a)(3) directs the judge to consider sentences other than imprisonment." Gall at 602. The task for the Court is to impose a reasonable sentence, based on the individual defendant and the facts and circumstances of the particular case at hand, that is "sufficient, but not greater than necessary," to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a).

**B.    Relevant Factors in This Case**

    **1.    History and Characteristics of Gary Rogers**

Mr. Rogers has already suffered enough hardship at the young age of 25 to last a lifetime.  He was only 6 years old, when he arrived to his baby cousin's birthday party only to find that his baby cousin had just died from inhaling marijuana smoke.  This traumatic experience always bothered Mr. Rogers, and has stuck with him to this day – often as the subject of nightmares.  PSR ¶84.

4
DEFENDANT'S SENTENCING MEMORANDUM

The fact that his baby cousin died at such a young age is bad enough, but the fact that his cousin died from inhaling marijuana smoke gives the Court an idea of the rampant use of drugs and other illegal activity that Mr. Rogers was exposed to while his was only a young child himself. In Mr. Rogers' words, he "saw a lot of stuff that he should not have seen." This is obviously an understatement, and after growing up in a single parent household filled with drugs and violence, and being forced to steal things for his manipulative older siblings when he was a small child, it's no wonder that Mr. Rogers spent most of his teenage years in juvenile placement homes and juvenile hall. PSR ¶¶ 86-89.

At age 19, Mr. Rogers had a daughter with his then girlfriend, and straightened out his act so that he could be there for his girlfriend during her pregnancy and help care for his daughter after her birth. Not surprisingly, however, Mr. Rogers was not well liked by his girlfriend's parents, and this caused severe relationship problems for he and his girlfriend – which culminated in his girlfriend's father calling Child Protective Services and lying to them about Mr. Rogers' behavior. This caused Mr. Rogers and his girlfriend to lose custody of their daughter, who Mr. Rogers has not seen since 2010. PSR ¶¶ 90-91. According to Mr. Rogers, there was "no pain in the world like having his daughter taken away" from him. This was, and continues to be, one of the hardest things Mr. Rogers' has had to go through. PSR ¶ 91.

Mr. Rogers' depression that resulted from losing his daughter, was so severe that his mother brought him to a psychiatrist, who diagnosed Mr. Rogers as bipolar and schizophrenic. Mr. Rogers took various psychiatric medications for his conditions, and participated in counseling while incarcerated, but never on his own – and eventually resorted to self-medicating through the use of marijuana and alcohol. PSR ¶ 99.

The USPO didn't find Mr. Rogers' psychiatric and mental condition to be significant enough to recommend a downward departure for "diminished capacity" under § 5K2.13 – in part, because it is "unknown how and to what extent this condition may have contributed to his conduct in the instant offense." PSR ¶132. However, with Mr.

Rogers' psychiatric condition essentially going untreated and unmedicated for several years, it's pretty clear that this had a profound effect on Mr. Rogers' behavior in the instant offense – as it clearly affected his views regarding his own self worth and the worth of others.  Additionally, in the post-<u>Booker</u> world that now we live in with respect to federal sentencing, the Court is allowed to use the 18 U.S.C. § 3553(a) factors to account for Mr. Rogers' diminished capacity and fashion an appropriate sentence, without having to satisfy the rigid criteria of the sentencing guidelines.

### 2.   Just Punishment for the Offense and The Need to Avoid Unwanted Sentencing Disparities

From Defendant's perspective, It's imperative that the Court only sentence Mr. Rogers for his own conduct, in his conspiracy with his fiancée (Kristy Harrell) regarding Victim 6, and not for the conduct of other defendants in separate conspiracies.  There are 8 defendants in this indictment, and 7 victims – however, Mr. Rogers was only involved with one other defendant (Kristy Harrell) and only dealt with one victim (Victim 6).  This is in stark contrast to the majority of the other defendants, who's conduct involved multiple victims.  Additionally, while most of the other defendants' dealt with victims that were minors (i.e., under 18 years old), Mr. Rogers' victim was an adult.  Also, although the other defendants' crimes involved repeated offenses with multiple victims over a several month time span, Mr. Rogers' conduct involved only one victim and lasted less than 24 hours.

Finally – and most importantly – Mr. Rogers' conduct in this case is most comparable to that of defendants Kristy Harrell, who also dealt with one victim (Victim 6), and Chris Weldon, who also only dealt with on victim (Victim 3).  Kristy Harrell has yet to be sentenced, but she's likely to receive a sentence on par with Kimberly Alberti, who received 24 months jail.  Chris Weldon, who's victim was a minor, received a sentence of 72 months.

//

//

## IV.  CONCLUSION

Defendant contends that the proper advisory sentencing guideline range is 168-210 months jail – based on an offense level of 33 and a criminal history category of III. Additionally, Defendant argues that no vulnerable victim adjustment should be made regarding Victim 6, and the Court should grant "downward departures" for Mr. Rogers' psychiatric condition as well as the fact that he already served a 16-month sentence for the instant offense conduct at the State-level.  Finally, Defendant contends that based on the 18 U.S.C. § 3553(a) factors – including the history and characteristics of Mr. Rogers, the nature and circumstances of the offense, and the need to avoid unwanted sentence disparity – the proper custodial sentence for Mr. Rogers is 120 months jail.

DATED: March 31, 2014.

                    Respectfully submitted,

                    HANNA, BROPHY, MacLEAN, McALEER and JENSEN, LLP

                    By: *David J. Thomas*
                    David J. Thomas
                    Attorney for GARY ROGERS

SBD00508|PT01