LAWRENCE JAY LITMAN, ESQ.
515 S. Flower, Suite 3600
Los Angeles, CA  90071
Telephone:  (310) 228-7245
Facsimile:   (310) 943-3390

Attorney for Samuel Rogers, Defendant

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiffs,<br><br>vs.<br><br>SAMUEL ROGERS, et al.,<br><br>           Defendants. | CASE NO. CR12-00057-VAP-2<br><br>SENTENCING MEMORANDUM AND OBJECTIONS TO PRESENTENCE REPORT FOR DEFENDANT SAMUEL ROGERS |

Through counsel, Samuel Rogers files the following Objections to Presentence Report and Sentencing Memorandum setting forth all of the relevant factors the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

For the reasons stated below, the Defendant respectfully submits that a sentence of 180 months is sufficient, but not greater than necessary, to fulfill the above referenced statutory directive.

**A.   THE IMPACT OF BOOKER ON THE UNITED STATES FEDERAL SENTENCING GUIDELINES**

The 2005 Supreme Court decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) found that the United States Sentencing Guidelines (U.S.S.G.), as originally constituted, violated the Sixth Amendment and the remedy chosen was excision of the provisions of the law

1

establishing the guidelines as mandatory. In the aftermath of <u>Booker</u> and other Supreme Court cases, such as <u>Blakely v. Washington,</u> 124 S. Ct. 2531 (2004), the USSG are now considered advisory only. Judges must still calculate the guidelines and consider them when determining a sentence but are not required to issue sentences within the guidelines. In other words, the Booker decision permits the Court after considering the Guidelines to tailor an individual's sentence in light of other statutory concerns found in 18 U.S.C. § 3553(a). In short, sentencing courts must now treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

**B. <u>OBJECTIONS TO THE FACTUAL FINDINGS IN THE PRESENTENCE REPORT</u>**

The Defendant does object to the following factual findings contained in the Presentence Report (PSR) as stated below:

Paragraph 20(a)(b) - The Defendant objects to the factual statement contained in this paragraph that he and co-defendant Bell traded victims between themselves. These victims were not "traded", rather they were free to choose whom they worked for and were not prohibited from doing so.

Paragraph 21 - Defendant vehemently denies any implication he ever conspired, agreed or encouraged co-defendant Alberti to assault any of the victims.

Paragraph 23 - Defendant asserts he was in jail for a portion of this period and only received money from Victim #4 from January, 2011 to April, 2011.

Paragraph 25 - Defendant denies that Victim #'s 3 and 5 ever worked for him.

Paragraph 26 - Defendant asserts he only benefitted financially from the activities of Victim #4.

Paragraph 28 - Defendant denies these allegations in their entirety and states he had no knowledge of what co-defendant G. Rogers said or did.

Paragraph 33 - Defendant states that victims were not "passed back and forth" between him and co-defendant Bell. All of the victims voluntary chose who to work for.

Paragraph 38 - Defendant denies he "turned Victim 5 over to Bell" as she never worked for him. Further, he denies instructing her to stay with co-defendant Bell and give each of them one-half of her earnings.

Paragraph 65 - Defendant denies that she was traded to co-defendant Bell. Victim #3 chose to work for Bell.

Paragraph 79 - With respect to Victim #5, Defendant denies he "turned her over" to co-defendant Bell. Victim #5 chose to work for him.

Paragraph 88 - Defendant vehemently denies that the assault on Victim #6 by other co-defendants was part of, or within the scope of, any jointly undertaken criminal activity or reasonably foreseeable to him.

Paragraph 95 - Defendant states the proper end date for his offense is March, 2011 and not April, 2011.

Paragraph 103 - Defendant states he was age 17 at the time of this offence.

### C. **APPLICATION OF THE STATUTORY SENTENCING FACTORS TO THE FACTS OF THIS CASE**

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary to satisfy the purpose of sentencing.

1. THE SENTENCING RANGE ESTABLISHED BY THE SENTENCING COMMISSION.

A. THE GUIDELINE CALCULATION UNDER THE PLEA AGREEMENT (PLEA)

Under the terms of a plea agreement entered into between the Defendant and the United States Attorney's Office, the Defendant has agreed to plead guilty to Count Ten of the First Superseding Indictment, charging the Defendant with sex trafficking in violation of 18 U.S.C. § 1591(a) (1). The Plea Agreement states that the parties "have no agreement as to the appropriate sentence or the applicable Sentencing Guideline factors and subject only to paragraph 3, both parties have the right to seek any sentence within the statutory maximum. **Plea at para. 18**. Pursuant to paragraph 3, if the government determines the Defendant has provided substantial assistance in its investigation, it will recommend a term of imprisonment of no more than 240 months (20 years). **Plea at para. 6(d.)** The government agreed to

recommend a 2-level reduction (or 3-level reduction if necessary) for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. **Plea at para. 5(d)**. The parties agreed that this Court is not bound by the terms of this Plea Agreement. **Plea at para. 29.** There is no agreement as to this Defendant's criminal history or Criminal History Category.

The Plea Agreement also contains a "Factual Basis". **Plea at para. 9**. These agreed to facts are intended to support the basis of the guilty plea and establish the parameters of any applicable Sentencing Guideline factors. The Defendant does <u>not</u> admit to any facts other than those contained in the "Factual Basis" of the Plea Agreement or paragraph's 19-46 of the PSR (excepting those objections noted above). The Defendant objects to the Court's consideration of <u>any</u> facts outside the "Factual Basis" of the Plea Agreement or the unopposed paragraph's 19-46 of the PSR which would increase his sentence under the Sentencing Guidelines unless the government satisfies the applicable burden of proof. **See:** *United States v. Ameline*, 409 F. 3d 1073, 1086 (9th Cir.)(en banc) (stating "the government bears the burden of proof when it seeks sentence enhancements."); **See also:** *United States v. Armstead*, 552 F.3d 769, 776 (9th Cir.2008) stating "A district court generally uses a preponderance of the evidence standard when finding facts at sentencing. Only 'when a sentencing factor has an extremely disproportionate effect on sentencing relative to the offense of conviction' must a district court find the facts by a clear and convincing standard of proof." **See:** *United States v. Armstead*, 552 F. 3d 769, 776 (9th Cir. 2008)(internal citations omitted).

The Defendant concedes that the applicable standard is a preponderance of the evidence. The Defendant asserts that nothing in the Plea Agreement relieves the government of its burden of proof in relying on facts outside of those he agreed to in the "Factual Basis".

B.  THE GUIDELINE CALCULATION UNDER THE PRESENTENCE REPORT (PSR)

Subject only to those objections noted below, the Defendant stipulates that the PSR

4

has correctly calculated the Combined Adjusted Offense Level (Level 44) for the underlying offense and has correctly concludes that this Defendant has a Criminal History Category of IV. Based on these findings the PSR recommends a sentence of life imprisonment.

The Defendant raises three specific objections to the Guideline sentence. They will be discussed separately.

(i) THE PSR RECOMMENDATION OF A 2 POINT INCREASE TO THE OFFENSE LEVEL FOR VICTIM #3 PURSUANT TO U.S.S.G. § 2G1.3(b)(2)(B) IS NOT APPLICABLE TO THE FACTS OF THIS CASE

The PSR states a 2 point increase is warranted under the Guidelines if a participant unduly influenced a minor to engage in prohibited sexual conduct. In support of this enhancement, the PSR relies in part on the physical assault on victim #3 by co-defendant Bell while the Defendant was in jail stating it was "reasonably foreseeable to S. Rogers who allowed Bell to supervise her…". **PSR at para. 65**. A sentencing court must determine the scope of the criminal activity the defendant undertook before reaching the matter of reasonable foreseeability. There is no proof that the Defendant agreed or conspired that physical violence was to be used on any of these victims. He has not admitted to such in his plea agreement. None of the victims have stated that this Defendant used violence against them. The Defendant first learned of this assault while in prison. It seems clear from the telephone transcripts that the Defendant did not condone what Bell had done and even challenged him. When Bell told him what he had done the Defendant questioned him why and for what? **Bates 4170-4172** (unfiled Protected Document)

To the extent that this enhancement is based on attributing the violence exercised by co-defendant Bell on the Defendant, he objects to the 2 point increase in his Guideline sentence. That the Defendant promised victim #3 a better life and gave her food and clothing does not

support this enhancement as it is an element of the offense of conviction under 18 U.S.C. § 1591 (1)(" recruits, entices ….or maintains") and is accounted for in determining the Base Offense Level. To include it here would result in double counting. *United States v. Volpe*, 224 F. 3d 72, 76 (2nd Cir. 2000)(stating "Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the Guidelines.").

C. MOTION FOR DOWNWARD DEPARTURE FROM THE RECOMMENDATIONS CONTAINED IN THE PRESENTENCE REPORT UNDER THE SENTENCING GUIDELINES

The Defendant hereby moves for a downward departure of the PSR recommended sentence of life imprisonment on grounds more fully discussed below.

MOTION FOR CONSIDERATION FOR DEPARTURE UNDER U.S.S.G. § 4A1.3(b)(1)

A sentencing Court has authority to depart downward (or upwards) from a defendant's applicable Criminal History Category where that category does not adequately reflect the seriousness of past criminal behavior. U.S.S.G. § 4A1.3(b)(1) states that:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

The factual basis to support this motion is derived from paragraphs 99 to 110 of the PSR and arguably meets the "reliable information" predicate of U.S.S.G. § 4A1.3(b)(1).

An inherent problem in the calculation of a Defendant's Criminal History Category is that it focuses on the length of a prior sentence as opposed to the seriousness of the prior offense. While this Court cannot ignore the Defendant's criminal past, the Defendant argues that a review of the offenses that comprise his Criminal History Category and the resultant level IV category significantly over-represents the seriousness of his relevant criminal history.

6

The Defendant has a total of seven criminal history points. Two of these points are a result of him having committed the instant offense while on state parole for a DUI conviction. **PSR at para. 109**. The remaining 5 points are derived from a total of four state offenses between 2009 and 2011. The most serious sentence imposed was for driving with a suspended license for which he received a 190-day jail term. **PSR at para. 107**. Arguably, the most serious offence was for Spousal Battery. **PSR at para. 104**. In that case both the Defendant and the victim denied that he "punched, kicked or choke[d]" her. Even the arresting officer, who photographed the victims face, neck, arms and hands, stated in his report he could not see any visible injuries to [victim's] body and was told she was uninjured. **Bates 7936** (Unfiled Protected Document)

The Defendant has no federal convictions and has never served a significant period of incarceration typically associated with a Category IV Criminal History. His previous jail stints have ranged between 2 days to 190 days.

The Defendant is now before this Court facing a serious federal charge. However, given the relative minor nature of the offenses which comprise this Defendant's relevant criminal history, the Defendant argues that a downward departure of his Criminal History category is warranted. In *United States v. Reyes,* 8 F. 3d 1379 (9th Cir. 1993), the Court upheld a downward departure, in both the offense level and criminal history category, from 210 months to 33 where that defendant's criminal history was comprised of 6 minor drug and theft offenses. (Note: the case was remanded to district court for the purpose of stating reasons for the departure).

The Defendant argues that this Court, in deciding this issue, must answer two questions. Firstly, it must rely on its experience and ask whether this Defendant's criminal history is typical of the type of criminal history that Category IV offender's normally possess.

If it is atypical, the second question is whether a Category IV classification "substantially over-represents the seriousness" of this Defendant's criminal history. The Defendant argues his situation is atypical and that a downward departure of his criminal history category is warranted. The Defendant submits that a Criminal History Category of II or III , representing a low to mid-range classification, would adequately reflect the seriousness of his relevant criminal history.

MOTION FOR CONSIDERATION FOR DEPARTURE UNDER U.S.S.G. § 5K2.0(b)

The Defendant moves for a downward departure from the PSR recommended sentence of life imprisonment on the basis that it substantially overstates the seriousness of the manner in which this Defendants committed the instance offence and conflicts with the mandatory statutory directive under § 3553(a) that a sentencing court impose a sentence that is "sufficient but not greater than necessary" to achieve the goals of sentencing.

The relevant Guideline provision is found at USSG § 5K2.0(b) and reads as follows:

DOWNWARD DEPARTURES IN CHILD CRIMES AND SEXUAL OFFENSES.—Under 18 U.S.C. § 3553(b)(2)(A)(ii), the sentencing court may impose a sentence below the range established by the applicable guidelines only if the court finds that there exists a mitigating circumstance of a kind, or to a degree, that—

(1)     has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements issued under section 994(a) of title 28, United States Code, taking account of any amendments to such sentencing guidelines or policy statements by act of Congress;

(2)     has not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines; and

(3)     should result in a sentence different from that described.

The vast majority of the Sentencing Guidelines were typically developed by the Sentencing Commission using an empirical approach based on data about past sentencing practices. **USSG Ch. 1, Pt. A. para. 3**. The relevant Guideline in this case (§ 2G1.3) is

fundamentally different from most other Guidelines in that the Commission did not use an empirical approach when it amended this particular guideline at the direction of Congress.

In 2000, Congress enacted the landmark Trafficking Victims Protection Act (TVPA) which among other things criminalized "sex trafficking". **See:** Pub. L. 106-386, Div. A, Oct. 29, 2000 (Note: Congress has amended this Act on two occasions and has reauthorized the Act under the title of Trafficking Victims Protection Reauthorization Act ('TVPRA'); **See:** Pub. L. 108-193, Dec 19, 2003, Pub. L. 110-457, Dec 23, 2008. One of the core human trafficking offenses of the TVPRA - "sex trafficking" - was codified at 18 U.S.C. § 1591, and is the charging section for this Defendant.

The Defendant argues that USSG § 2G1.3 is incompatible with the § 3553 (a) requirement that district courts consider "the nature and circumstances of the offense and the history and characteristics of the defendant.". This is because the application of this Guideline will concentrate nearly all offenders at or near the statutory maximum penalty of life imprisonment.

The Defendant acknowledges that he has committed a serious offense but would argue that his is a mine-run case with no aggravating or peculiar factors. Most, if not all of the sentencing enhancements attributed to him are all but inherent to the crime of conviction. In other words, all these enhancements will typically apply to the vast majority of defendants sentenced under § 2G1.3  As a result, a first time offender with no criminal record will qualify for a Guideline sentence of 360 months to life imprisonment.

The lack of empirical input is reflected in the pre-TVPRA guideline sentence. Prior to the enactment of the TVPRA, a conviction for the instant offence would result in an Offense Level of 21. Based on a Category IV Criminal History, the Guidelines establish a sentencing range of 57-71 months. It seems clear that the Sentencing Commission has merely attempted to

9

square this Guideline with Congress's various penalty directives under the TVPRA. **SEE:** USSG § § 2G1.1(a)(b)(2), 1998 edition. **SEE ALSO:** *United States v. McElheney*, 2009 WL 1904565 (E.D. Tenn. July 2, 2009)(finding 135 to 168 month guideline range for receipt of child pornography was greater than necessary to achieve statutory sentencing goals, and imposing 78 month sentence where court found child pornography guidelines lack empirical support); *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007)(holding that a district court did not abuse its discretion when it imposed lesser sentence based on its disagreement with Sentencing Commission's policy determinations); *United States v. Irey*, 2009 WL 806860 (11th Cir. 2009)(affirming 210 month sentence for man convicted of using minors to engage in explicit sexual conduct, despite a guideline range of life imprisonment in light of remaining § 3553(a) factors); *United States v. Taylor*, 2008 WL 2332314 (S.D.N.Y., June 2, 2008)( where court rejected as "draconian" a guideline range of 151-188 months for first offender convicted of child porn offenses and imposed statutory minimum sentence of 60 months); *United States v. Adelson*, 441 F. Supp. 2d 506 (S.D.N.Y. 2006)(where court, in focusing on the § 3553(a) factors, imposed a 42 month sentence noting that a guideline sentence of life would be an absurd result not fitting the circumstances).

CONCLUSION AND DEFENDANT'S RECOMMENDATION UNDER THE U.S.S.G.

The Defendant acknowledges that the statutory sentencing range for the offense of conviction is a minimum of 120 months and a maximum of life imprisonment. However, the Defendant would assert that a literal application of this guideline (life sentence) would result in overly harsh sentence and would be unreasonable in light of the remaining § 3553(a) factors. As noted by the Supreme Court, the reasonableness of a sentence is determined by a district court's individualized application of the statutory sentencing factors and not by the amount by

which a sentence may deviate from the applicable Guideline range. **See:** *Gall v. United States*, 522 U.S 38, 46-47 (2007).

APPLICATION OF THE REMAINING STATUTORY
SENTENCING FACTORS TO THE FACTS OF THIS CASE

As noted earlier, there are other factors that the Court must consider when attempting to determine what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purpose of sentencing. While the advisory guideline calculation remains a consideration, it is "not the only consideration" in determining the appropriate sentence. **See:** *Gall v. United States,* 552 U.S. 38, 49 (2007). To the contrary, the guidelines "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." **See:** *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)(internal citations omitted)(emphasis added). Accordingly, the Defendant hereby moves for a below Guidelines sentence range based on consideration of these remaining statutory sentencing factors.

2.  THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

   (a)   Nature and Circumstances of the Offense

The Defendant believes that the Factual Basis contained in the Plea Agreement accurately reflects the extent of his involvement in this offense. The nature and circumstances of this offense are not atypical of most offences of this nature..

The Defendant accepts full responsibility for his actions and is anxious to put his previous life-style behind him. The Defendant would ask that this Court weigh the following factors in its sentencing determination;

1. The limited duration of his involvement in the offense. His involvement lasted from January, 2011 to March 2011.

2. While admitting to recruiting and enticing minors for prostitution and benefitting financially from one of these victims, the Defendant categorically denies he ever physically assaulted any of these victims and denies he conspired or agreed that any other party engage in such behavior.

3. While acknowledging that because of the age of the victims they cannot legally "consent" to participate in commercial sexual acts and compulsion is not a *sine qua non* in obtaining a conviction, all of the victims were willing participants in this crime.

(b) History and Characteristics of the Defendant

The Defendant requests that Part "C" of the PSR entitled "Offender Characteristics" be incorporated in the within Sentencing Memorandum. The Defendant also requests that any statements and letters of friends and family submitted to this Court be incorporated in the within Sentencing Memorandum.

The Defendant is a 24-year old male of African-American descent. At the time of the offense he was barely 21-years old. Notably absent from his childhood was a strong male role model. His father left the home shortly after his birth and he was raised by his mother and older sister. At age 15, his sister was sent to prison for murdering her boyfriend. According to his mother, this is when Mr. Rogers started getting into trouble.

It appears that co-defendant Bell, who is 6 years older than Rogers, has known the family since he was a child. According to his mother, Rogers was a follower who wanted to be accepted by Bell and she disapproved of this relationship because she knew Bell was a bad influence on her son. According to government reports Bell "wanted to take care of the Rogers brothers" and took it upon himself to teach "Samuel Rogers and Gary Rogers how to engage in the business of sex trafficking." This Defendants involvement in this crime stems from his

misplaced and naïve loyalty to a figure he deemed a role model

3. <u>THE NEED FOR THE SENTENCE IMPOSED TO PROMOTE CERTAIN STATUTORY OBJECTIVES SPECIFIED IN § 3553(a)(2)</u>

<u>The Need For A Sentence To Protect The Public From Further Crimes Of The Defendant And To Afford Adequate Deterrence To Criminal Conduct § 3553(a)(2)(B)(C)</u>

In the most negative of ways, Mr. Rogers realizes he has now hit the big times. He is facing his first federal offense where the rules are much different. For that, he will receive a significant prison sentence more severe than he has thus far experienced in State court. He knows he can expect no early parole. Mr. Rogers clearly understands that it can only get worse if he continues to engage in criminal behavior. A review of his prior state convictions do not suggest he is a dangerous or violent criminal. The Defendant's recommended sentence of 180 months will adequately satisfy the protective purposes component of sentencing.

<u>The Need For A Sentence To Reflect The Seriousness Of The Offense, To Promote Respect For The Law And To Provide Just Punishment For The Offense § 3553(a)(2)(A)</u>

The sentencing statute directs this Court to impose a sentence that is minimally sufficient, to comply with the purposes of sentencing listed in § 3553(a)(2). The recommended Guideline sentence of 180 months will meet these needs.

The Defendants relevant criminal history points were accumulated by a series of low term prison sentences. Based on the nature (not number) of prior criminal offenses, the depth and breadth of his involvement in the instant offense as outlined in the Plea Agreement and his apparent renewed outlook for the future, his proposed sentence is not unreasonable. Any concerns this Court may have about imposing a below Guideline sentence should be assuaged by the ensuing years of supervised release. The Defendant understands that failure to abide with any conditions imposed by this Court will have swift and severe repercussions. A sentence of 180 months cannot be considered insignificant and would not raise the eyebrows of the

Ninth Circuit or the public in general.

The Need To Provide Educational, Vocational and Medical Care Or Other Treatment
§ 3553(a)(2)(D)

The Defendant does not require a sentence in excess of 180 months to be rehabilitated. To be sure, Mr. Rogers can benefit from the BOP's drug treatment resources and can continue the progress on supervised release. There is little to be gained from the a lengthier sentence other than to delay Mr. Rogers rehabilitation and re-entry into society.  The Defendant's recommendation is sufficient to allow him to learn a new skill (if he desires) and deal with his drug addiction to assist him upon release.

4. THE KIND OF SENTENCES AVAILABLE

 The defendant acknowledges that a period of incarceration is warranted in this case.

5. THE SENTENCING RANGE ESTABLISHED BY THE SENTENCING COMMISSION

This area was discussed previously in this Sentencing Memorandum.

6. THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT SET FORTH IN

The Sentencing Guidelines primary goal was to alleviate sentencing disparities that research had indicated was prevalent in the existing sentencing system. The Defendant makes his sentencing recommendation mindful that co-defendant Bell received a sentence of 360 months. The Defendant claims that a comparison of the Factual Basis in his case to co-defendant Bell would support his sentencing recommendation to this Court. In particular, the Defendant would point out the following;

Firstly, Bell was unquestionably the central and leading figure in this conspiracy. By his own admission, he brought and taught the Defendant how to participate in the pimping business under the guise of wanting to take care of him. By his own admission he has been in

this business since 2003.

Secondly, Bell, unlike the Defendant, was a "gorilla" pimp. He used both physical and mental abuse to control the victims. According to the government he assaulted the victims using his fists, a cane, a shoe and other objects. On one occasion he pepper-sprayed one of the victims and physically threatened another by placing a gun to her head. At least two of the victims were locked in his apartment.

Thirdly, unlike the Defendant, Bell has an extensive and dangerous criminal history. The PSR categorized him as a career offender pursuant to USSG § 4B1.1. He has two prior convictions for sexual trafficking of minors through the use of force. Further, he is a self-admitted member of the Rolling 60's street gang who was in possession of a semi-automatic machine pistol.

The Defendant would argue there is sufficient grounds to warrant a disparate sentence from that of co-defendant Bell.

7.  THE NEED TO PROVIDE RESTITUTION TO ANY VICTIMS OF THE OFFENSE

Restitution is a potential issue in this case. However, he Defendant is unaware of any formal restitution request.

CONCLUSION

The application of the Guideline sentence in this particular case would lead to an unjust and unreasonable sentence and should therefore be ignored or given minimal weight. Adherence to the Guidelines here would result in virtually no distinction between the sentences for defendants like Rogers and the sentences for the most dangerous offenders like co-defendant Bell. As noted earlier, USSG § 2G1.3 was a result of sentencing reforms by Congress. This reform was done without consultation with the Commission as this Guideline was amended directly through legislation. It therefor lacks the empirical and statistical background and Commissions input and expertise prevalent in most other parts of the Guidelines. The primary

15

objective in enacting the Sentencing Guidelines was to avoid sentencing disparity. It would appear of importance to note that had the charges against the Defendant been pursued in State court, his maximum sentence would be 96 months. **See:** California Penal Code § § 266(h)(a)(2), 266 (i)(b)(2).

The difficult task before this court is, given the wide statutory range of penalties available for this offence, where the Defendants sentence should lie. The Defendant would suggest that the high end of this range should be reserved for those individuals with a high risk of recidivism, repeat offenders, individuals with extensive and dangerous criminal backgrounds or where there exists aggravating circumstances in the commission of the offence. Defendant asserts that none of these factors are present here.

For the foregoing reasons, the defendant, SAMEL ROGERS, respectfully submits that a sentence of 180 months is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**REQUESTED RECOMMENDATIONS TO THE BUREAU OF PRISONS**

The Defendant requests that this Court recommend to the Bureau of Prisons that it designate him to the same prison as his brother and co-defendant, Gary Rogers. **18 U.S.C. § 3621(b)(4)(B).**

The Defendant further requests that this Court recommend to the Bureau of Prisons that he be allowed to participate in a substance abuse treatment program. **18 U.S.C. § 3621(e).**

Dated: April 20, 2014

Respectfully submitted,

_____/s/_____
LAWRENCE JAY LITMAN, ESQ., for
defendant SAMUEL ROGERS

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2014 I served a copy of the foregoing

**SENTENCING MEMORANDUM AND OBJECTIONS TO PRESENCE REPORT**

by ecfmail upon the following:

Ami Sheth
Assistant United States Attorney
3403 Tenth Street, Suite 200
Riverside, CA. 92501


_____
----------/s/----------------
Lawrence Jay Litman

17